IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Trina Marie Primmer,

    Plaintiff,

  v.                              Case No. 2:14-cv-2245

Commissioner of Social
Security,

    Defendant.

ORDER

Plaintiff Trina Marie Primmer brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income. In a decision dated July 19, 2013, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of osteoarthritis, low back pain, obesity, depression, anxiety, and adjustment disorder. PAGEID 76. After considering the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, except that she was: (1) limited to frequent balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; (2) can never climb ladders, ropes or scaffolds; (3) must have no exposure to operational control of machinery or unprotected heights; (4) is limited to simple, routine, and repetitive tasks; and (5) can have no interaction with the public, but can have occasional brief and superficial interaction with coworkers. PAGEID 81. The ALJ found that plaintiff was unable to perform her past relevant work as a nurse's aide, but was capable of performing available jobs identified by the vocational expert. PAGEID 97-99.

This matter is before the court for consideration of plaintiff's December 1, 2015, objections (Doc. 17) to the November 19, 2015, report and recommendation of the magistrate judge (Doc. 16), recommending that the decision of the Commissioner be affirmed. The Commissioner has filed a response to plaintiff's objections. *See* Doc. 18.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there

is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. General Objections

As the magistrate judge noted, plaintiff's statement of specific errors addressed solely the ALJ's assessment of her psychological impairments. In addressing the issues raised by plaintiff, the magistrate judge concluded that: (1) the ALJ properly found that plaintiff's psychological impairments did not meet the requirements of Listing 12.04; (2) the ALJ's observations that plaintiff's testimony concerning the severity of her symptoms was not fully credible were supported by the record; (3) the ALJ properly evaluated the opinion of Dr. Cindy Matyi, Ph.D., a state agency consultant; and (4) the ALJ did not err in failing to obtain an updated expert opinion evaluating whether plaintiff's mental impairments qualified under Listing 12.04.

In her objections to the report and recommendation, plaintiff incorporates the arguments set forth in her statement of errors. However, the report and recommendation advised the parties of the need to file "written objections to those specific proposed

3

findings or recommendations to which objection is made, together with supporting authority for the objections." Doc. 16, p. 15. "A litigant is required to file specific and timely objections to a magistrate judge's report and recommendation." *Thomas v. Michigan Family Independence Agency*, 67 F.App'x 908, 909 (6th Cir. 2003). A party who does not file specific objections after being advised to do so waives his right to appeal. *Kissinger v. Comm'r of Soc. Sec.*, 28 F.App'x 478 (6th Cir. 2002). The objection must be clear enough to enable the district court to discern issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A summary reference to previous briefing is a general objection to the report and recommendation which is not sufficient to meet this standard. *Pope v. Comm'r of Soc. Sec.*, 229 F.3d 1153 (table), 2000 WL 1140712 at *1 (6th Cir. Aug. 7, 2000).

Plaintiff's only specific objection to the report and recommendation addresses the magistrate judge's findings that the ALJ correctly concluded that plaintiff's mental impairments did not meet the requirements of Listing 12.04. Plaintiff quotes from the opinion of Dr. Matyi. However, in doing so, plaintiff does not specifically refer to the magistrate judge's ruling on her earlier argument that the ALJ drew inconsistent conclusions from Dr. Matyi's opinion. Rather, she appears to be citing Dr. Matyi's opinion in support of her argument concerning Listing 12.04. Therefore, the court will address only the specific objection regarding the ALJ's Listing 12.04 analysis.

B. Listing 12.04

As noted by the ALJ, to qualify for a disability finding under Listing 12.04(B), the mental impairments must result in at least

4

two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of an extended duration. PAGEID 79. A marked limitation means more than moderate but less than extreme. PAGEID 79. Plaintiff argued in her statement of errors that her mental impairments constituted marked restrictions in the areas of social functioning and maintaining concentration, persistence and pace. The magistrate judge noted that the ALJ found that plaintiff had only moderate difficulties in these areas, and concluded that the ALJ's determinations were supported by substantial evidence. Doc. 16, p. 9. This court agrees.

As to social functioning, the ALJ addressed plaintiff's hearing testimony, at which she claimed to have difficulty around others and panic attacks. PAGEID 80. However, the ALJ found that plaintiff's testimony was not credible to the extent that it was not consistent with the RFC. PAGEID 83. He noted that plaintiff was able to go to the store with her sister-in-law, that she attended doctor's appointments on a regular basis, that plaintiff reported talking with others on a daily basis and regularly interacting with family. PAGEID 80. The ALJ also observed that plaintiff was cooperative during mental status examinations and had been observed interacting appropriately with others in a normal manner. PAGEID 80. The ALJ took plaintiff's moderate difficulties with social interaction noted in the medical records into account in formulating an RFC which required that plaintiff have no interaction with the public and only brief and superficial

5

interaction with coworkers.  PAGEID 93.  The ALJ's determination that plaintiff had only moderate difficulties with social functioning is supported by substantial evidence in the record.

In regard to the issue of concentration, persistence or pace, the ALJ noted that plaintiff is able to follow instructions, pay bills, watch television, handle money, and care for her fifteen-year-old daughter and pets.  PAGEID 80.  The ALJ further observed that mental status examinations revealed intact memory, attention, and concentration, and that plaintiff had demonstrated consistently coherent and concrete thought processes.  PAGEID 80.  In his RFC, the ALJ limited plaintiff to simple, routine, and repetitive tasks to accommodate her moderate deficiencies in concentration, persistence and pace.  The magistrate judge concluded that the ALJ's findings that plaintiff's limitations in this area did not satisfy Listing 12.04 were supported by substantial evidence.  Doc. 16, p. 9.

Plaintiff argues generally in her objections that the ALJ's conclusion that plaintiff does not satisfy the requirements of Listing 12.04 is contrary to her "longitudinal psychiatric treatment record[.]" Doc. 17, p. 1.  However, she does not cite to specific parts of that record which support this argument.  In regard to social functioning and maintaining concentration, persistence and pace, plaintiff argues that the fact that she may function reasonably well in treatment does not indicate that she would be able to withstand the demands and pressures of a low-stress job.  She notes Dr. Matyi's statement that plaintiff "becomes flustered in the fact of perceived stressors" and has "difficulties with sustainability, adaptation, and social

6

interactions." Doc. 17, p. 2.

The ALJ thoroughly summarized plaintiff's treatment history, and his conclusions regarding plaintiff's failure to satisfy the requirements of Listing 12.04 are supported by the record. In regard to the issue of social functioning, for example, the ALJ summarized the report concerning the September 26, 2011, consultative examination of plaintiff by Sudhir Dubey, Psy. D., in which it was noted that plaintiff showed no anxiety or distress, interacted appropriately, and talked to others in the waiting area. PAGEID 88. This refutes plaintiff's claim that she was only capable of socially interacting with family at home. Dr. Matyi opined that plaintiff was capable of performing in a setting which entailed minimal interaction and could relate adequately on a superficial basis. The ALJ also noted Dr. Matyi's opinion that plaintiff could carry out simple and occasional complex instructions, that she could maintain attention, make simple decisions and adequately adhere to a schedule, and that she could adapt to a setting in which duties are routine and predictable, with changes being well-explained and introduced slowly. PAGEID 96. As the magistrate judge observed, Doc. 16, p. 9, Dr. Dubey also concluded that plaintiff could maintain sufficient concentration and attention to perform simple work tasks. The ALJ took the above evidence into account in formulating plaintiff's RFC, which restricted her to simple, routine, and repetitive tasks with no interaction with the public and only occasional brief and superficial interaction with coworkers.

Plaintiff also argues that her inability to cope with the stresses of employment is supported by her termination from a part-

time job with the Department of Job and Family Services, which involved preparing documents for shredding in an office with five other employees. The Commissioner notes in response that because this job involved more than minimal interaction with others, it would not fall within the RFC formulated by the ALJ. The Commissioner further observes that there is evidence that plaintiff's termination from that job was due to her arrest on an outstanding warrant, which resulted in missed work. Doc. 18, p. 4. The court concludes that plaintiff's termination from this former job does not establish that she would be incapable of performing work within the bounds of the RFC.

The magistrate judge correctly found that the ALJ's decision that plaintiff did not meet the requirements of Listing 12.04 was supported by substantial evidence.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence supporting the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act. The court hereby adopts and affirms the magistrate judge's report and recommendation (Doc. 16). Plaintiff's objections (Doc. 17) are denied. The Commissioner's decision is affirmed, and this action is dismissed. Pursuant to Sentence Four of 42 U.S.C. § 405(g), the clerk shall enter final judgment affirming the decision of the Commissioner and dismissing this action.

Date: December 29, 2015         s/James L. Graham
                                James L. Graham
                                United States District Judge

8